IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ACKERMAN,                   )<br>                                   )<br>         Plaintiff,                )<br>                                   )<br>     v.                            )   No. 1:08-cv-00722 (HHK)<br>                                   )<br>UNITED STATES,                     )<br>                                   )<br>         Defendant.                )<br>                                   ) | |

## **ANSWER**

The United States answers the complaint filed by Peter Ackerman as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Federal subject matter jurisdiction does not exist in this matter, including that the sovereign immunity of the United States has not been waived, and that plaintiff may not have duly filed a valid administrative claim for refund prior to filing this complaint. *E.g.,* 26 U.S.C. §7422(a).

1

3378943.1

THIRD DEFENSE

Plaintiff's failure to pay did not satisfy the statutory requirement that it be "due to reasonable cause and not due to willful neglect." 26 U.S.C. §6651(a)(3). Plaintiff did not exercise ordinary business care and prudence in providing for payment of his tax liability and was able to pay the tax on the due date without undue hardship. 26 C.F.R. §§53.6161-1(b) & 301.6651-1(c)(1).

FOURTH DEFENSE

The complaint alleges items and/or claims that fail to qualify as computational adjustments under 26 U.S.C. §§6230(c), 6231(a)(6).

FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, including those for filing claims for refund.

SIXTH DEFENSE

Plaintiff's claims are barred under 26 U.S.C. §6512(a), res judicata, and claim preclusion because plaintiff filed a petition with the Tax Court that is being litigated as *Ackerman v. Commissioner of Internal Revenue,* T.C. Docket Nos. 13947-06 and 26400-06.

SEVENTH DEFENSE

By filing this complaint separately from *Ackerman v. United States* (D.D.C. No. 1:08-cv-00657), and from *Ackerman v. United States* (D.D.C. No. 1:08-cv-00279), plaintiff is improperly splitting a cause of action.

EIGHTH DEFENSE

The claims alleged in the complaint are subject to the defenses of accord and satisfaction, estoppel, release, settlement and bar, claim preclusion, res judicata, and waiver because of other litigation with and/or binding upon plaintiff including *Santa Monica Pictures, LLC v. Commissioner of Internal Revenue,* T.C. Docket Nos. 6163-03 and 6164-03 and its settlement while pending appeal.

NINTH DEFENSE

As a consequence of the above referenced settlement of *Santa Monica Pictures, LLC v. Commissioner of Internal Revenue,* T.C. Docket Nos. 6163-03 and 6164-03, the failure to pay penalties assessed against plaintiff were partially abated, including on or about July 23, 2007 and August 6, 2007.

TENTH DEFENSE

Plaintiff's relevant income tax returns and alleged claims for refund were jointly filed with Joanne Leedom Ackerman but the complaint is filed solely in the name of Peter Ackerman. Plaintiff must establish that he, and not his spouse, paid the whole of their joint income tax liability in order to be allowed the claimed overpayment and/or refund. Plaintiff's claim for a refund is otherwise barred by 26 U.S.C. §6402(a).

ELEVENTH DEFENSE

The United States responds to the numbered paragraphs of plaintiff's complaint as follows:

3378943.1

1. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters asserted regarding plaintiff's location of residence. The United States admits the allegation of the second sentence of paragraph 1 of the complaint.

2. The United States denies that federal subject matter jurisdiction exists.

3. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in paragraph 3 of the complaint.

4. Denied.

5. The United States admits that on January 18, 2006, it made assessments against the plaintiff of income tax, penalties, and interest with respect to the tax years 1997 through 2003, inclusive. The United States admits that on January 18, 2006, it mailed the notice of computational adjustment to plaintiff and that the notice (including Form 4549A-CG) is Exhibit A to plaintiff's complaint. The United States denies the remaining allegations of paragraph 5.

6. Denied. The United States affirmatively alleges that Exhibits B, C, and D to plaintiff's complaint do not constitute valid claims for computational adjustment because, *inter alia*, the plaintiff's assessed liabilities were not paid in full until on or about October 23, 2006; they were not filed with the service center where plaintiff's return(s) was/were filed; they were not filed on Form 1040X, Form 843, or by any other form of submission indicating that a claim(s) for

refund was/were being filed; they assert claims and items that do not qualify as computational adjustments; and at least Exhibit D was not filed within the applicable six month statute of limitations. *See, e.g.,* 26 U.S.C. §6230(c)(1) & (c)(2)(A); 26 U.S.C. §6231(a)(6); 26 C.F.R. §301.6230(c)-1T & 26 C.F.R. §301.6230(c)-1; 26 C.F.R. §301.6402-3.

7. The United States admits that plaintiff and/or Joanne Leedom Ackerman fully paid the assessed liabilities on or about October 23, 2006. The United States reiterates its Tenth Defense.

8. Denied.

9. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in paragraph 9 of the complaint.

10. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in paragraph 10 of the complaint.

11. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in paragraph 11 of the complaint.

12. Denied.

13. The United States is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in the first sentence of paragraph 13 of the amended complaint and reiterates its Tenth Defense, above.

The United States denies the remaining allegations of paragraph 13 and reiterates its Sixth, Seventh, and Eighth Defenses, above.

    14.    Denied.

The remainder of plaintiff's complaint, including paragraph 15, is a prayer for relief as to which no response is required.

    WHEREFORE, the United States respectfully requests that the Court:

    A.    Deny plaintiff's claim for a refund;

    B.    Dismiss the complaint with prejudice;

    C.    Grant judgment to the United States; and

    D.    Grant the United States any other relief that may be proper.

DATED:   June 27, 2008

                                     /s/ Joseph E. Hunsader
                                    JOSEPH E. HUNSADER
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Washington, DC 20044
                                    Telephone: (202) 514-0472
                                    Facsimile: (202) 514-6866
                                    Email: Joseph.E.Hunsader@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

3378943.1

CERTIFICATE OF SERVICE

I certify that on June 27, 2008, I caused to be served via the court's ECF system this ANSWER upon:

>James P. Joseph, Esq.
>Rebecca Gordon, Esq.
>Arnold & Porter
>555 Twelfth Street, N.W.
>Washington, D.C.  20004

>>/s/ Joseph E. Hunsader
>>Joseph E. Hunsader