IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ACKERMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | No. 1:08-cv-00722 (HHK) |

## RULE 16.3 JOINT REPORT TO THE COURT

On July 14 & 15, 2008, counsel for Plaintiff Peter Ackerman ("Plaintiff") and the Defendant United States of America ("Defendant") met and conferred telephonically pursuant to LCvR 16.3 and the Court's July 7, 2008, Order for Initial Scheduling Conference.  The parties report to the Court on the items enumerated in LCvR 16.3(c) as follows:

　　1.　　Plaintiff does not believe that this case can be resolved by dispositive motion.

The United States intends to file an early motion challenging subject matter jurisdiction for tax years 1997, 1998, 2000 and 2002 because the Plaintiff separately filed a petition with the Tax Court for those tax years.  See 26 U.S.C. §6512(a).

The United States may file a partial motion for judgment on the pleadings under Fed.R.Civ.P. 12 (c) with regard to some of the claimed bases for Plaintiff's failure timely to pay the tax when due in early 2006.  See *Ackerman III* Amended Complaint, Ex. I, pp. 8, 13, 18, 23, 28, 33, 38.

After the close of discovery the United States expects to file for summary judgment on the substance of Plaintiff's claim; i.e., that Plaintiff's failure to pay the tax when due in early 2006 was not "due to reasonable cause and not due to willful neglect."  See 26 U.S.C. §6651(a)(3).

Plaintiff believes that it would be appropriate to stay discovery pending resolution of any motion regarding subject matter jurisdiction or motion on the pleadings the United States intends to file, so long as the Court sets a deadline for all preliminary motions so as not to unreasonably delay these proceedings.  The United States believes it would be appropriate to stay discovery pending its motion on subject matter jurisdiction, but only if a sufficiently long discovery window is thereafter provided.

2. Plaintiff does not believe any additional parties need to be joined in the present action.  Defendant believes the addition of Plaintiff's spouse, Joanne Leedom-Ackerman, may be required, but the parties believe that any factual or legal issues relating to the joinder of Ms. Leedom-Ackerman may be resolved by the parties in the short term.  If additional parties need to be joined, the parties agree to a deadline of September 15, 2008.  The parties agree to a deadline of September 15, 2008, for amendment of the pleadings.

3. The parties do not believe that the case should be assigned to a Magistrate Judge for any purpose.

4. The parties are amenable to discussions of settlement in this case.  The parties met on July 8, 2008, to initiate preliminary settlement discussions, and the parties plan to meet again on August 27, 2008, to continue these discussions.  The parties believe they will have a better understanding of the prospects of settlement after the meeting on August 27, 2008.  If the parties are unable to make any progress on settlement in August, the parties do not believe there is a reasonable possibility of settlement prior to resolution of any preliminary motions in this case.

5. The parties do not believe that this case would benefit from Alternative Dispute Resolution at this time.

6.      Plaintiff does not believe the case can be resolved by dispositive motion at this time.

The United States does contend that this case can be disposed of by motions under Fed. R. Civ. P. 12(c) and/or 56(c). The United States references its stated position in paragraph (1) above.

7.      Plaintiff proposes that the parties agree to exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a) within thirty (30) days of resolution of all preliminary motions.

The United States does not oppose delaying the initial Fed. R. Civ. P. 26(a)(1) disclosures so long as an adequate discovery window is thereafter allowed. The United States refers to its stated position in paragraph (8) below.

8.      The parties have preliminarily discussed limited informal discovery in this case. Plaintiff anticipates additional discovery will be taken within the limits prescribed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia. Plaintiff believes completion of discovery should be within 120 days after resolution of the parties' preliminary motions on subject matter jurisdiction and other issues. Plaintiff reserves the right to file a protective order if it deems such an order to be appropriate.

The United States states that Plaintiff's administrative refund claim asserts that plaintiff "believed that the Tax Court Opinion in the *Santa Monica Pictures* case was erroneous, and brought the appeal to overturn it"; that on appeal "the Department of Justice conceded a key point from the lower court proceeding"; and that plaintiff "received a perhaps unprecedented settlement from the Department of Justice in this case". See *Ackerman III* Amended Complaint, Ex. I, pp. 8, 13, 18, 23, 28, 33, 38. *Ackerman III* thereby pleads issues regarding plaintiff's

alleged "good faith" similar to those pleaded in *Ackerman IV*. *Ackerman III* also incorporates the *Ackerman I* supposed claims for computational adjustment as a justification for plaintiff's not immediately paying the tax due in early 2006. See *Ackerman III* Amended Complaint, Ex. I, pp. 8, 13, 18, 23, 28, 33, 38. The United States does not concede that any of these claims/theories are legally cognizable with regard to the failure to pay penalty. Nevertheless, given that plaintiff's pleading intertwines *Ackerman III* with both *Ackerman I* and with *Ackerman IV,* the United States contends that as a matter of case management a one-year discovery window is also appropriate here as well.

9. The parties agree that expert discovery should take place after the close of fact discovery. The parties hold in abeyance any specific deadlines regarding expert discovery until a fact discovery deadline is put in place.

10. This action is not a class action. Therefore, item 10 is not applicable to this case.

11. The parties agree that, although bifurcation *per se* may not be appropriate, early disposition of any and all motions addressing subject matter jurisdiction would be appropriate.

12. The parties agree that the Court should schedule the pretrial conference after the close of discovery.

13. The parties agree that a trial date should be set at the pretrial conference.

14. The parties believe that they have addressed all matters appropriate for inclusion in a scheduling order.

                        Respectfully submitted,

                        */s/ James P. Joseph*
                        JAMES P. JOSEPH, D.C. Bar No. 421231
                        REBECCA L. D. GORDON, D.C. Bar No. 468809

                        Arnold & Porter, L.L.P.
                        555 Twelfth Street, N.W.
                        Washington, D.C. 20004-1206
                        (202) 942-5000 (telephone)
                        (202) 942-5999 (facsimile)
                        LEAD COUNSEL FOR PLAINTIFF


                        */s/ Joseph E. Hunsader*
                        JOSEPH E. HUNSADER
                        JAN MEIR GEHT
                        Trial Attorneys, Tax Division
                        U.S. Department of Justice
                        Post Office Box 277
                        Washington, D.C. 20044
                        (202) 514-0472 (telephone)
                        (202) 514-6866 (facsimile)
                        LEAD COUNSEL FOR DEFENDANT

Dated: July 22, 2008